UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL E. SHARPE,

    Plaintiff,

v.                                      CASE NO. 8:20-cv-2391-T-60SPF

RON DESANTIS, Governor of the State
of Florida, JONATHAN SATTER,
Secretary of the Department of Management,
and the DEPARTMENT OF ECONOMIC
OPPORTUNITY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a complaint (Doc. 1). Before the Court is Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, construed by the Court as a motion to proceed *in forma pauperis* (Doc. 2).

Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Dismissal is also appropriate if, upon review, the complaint reveals a lack of subject matter jurisdiction. *Cafaro v. Wyllins*, No. 8:10-cv-1836-T-30EAJ, 2010 WL 3747868, at *1 (M.D. Fla. Sept. 7, 2010). Dismissal for failure to state a claim in this

context is governed by the same standard as dismissal under Rule 12(b)(6), Federal Rules of Civil Procedure. *Leonard v. F.B.I.*, 405 F. App'x 386, 387 (11th Cir. 2010) (citing *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997)). Namely, dismissal for failure to state a claim is appropriate if the facts, as pled, fail to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories are without merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

In reviewing a complaint, courts hold *pro se* pleadings to a less stringent standard and, therefore, construe the complaint more liberally. *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). To state a claim, a pleading must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought. Fed. R. Civ. P. 8(a)(1)-(3).

Here, Plaintiff's complaint (Doc. 1) does not contain factual allegations providing the Court with enough information to determine whether the Court may maintain jurisdiction over this matter or whether Plaintiff can state a viable claim. Plaintiff asserts that the basis for federal court jurisdiction of his action is federal question jurisdiction (*i.e.*, claims arising as a result of actions violating any provision of the Constitution, laws, or treaties of the United States) but indicates that the specific federal statutes, federal treaties,

2

and/or provisions of the United States Constitution at issue in the case are "emotional distress, economic damages, and loss of income." (Doc. 1 at 3). This is a list of possible damages rather than a basis for federal court jurisdiction. This leaves the Court unable to determine whether it has jurisdiction over Plaintiff's action. Likewise, Plaintiff's complaint is deficient in that it fails to set forth a short and plain statement of the claim showing that Plaintiff is entitled to relief. Plaintiff's only allegation is that putative Defendant "the (D.E.O.) Department of Economic Opportunity has caused me economical distress, emotional distress by withholding my unemployment cash with a false and inaccurate statement that during these times I was working." (*Id*. at 4). This allegation is insufficient for determining whether Plaintiff is entitled to any form of relief before this Court. Finally, while Plaintiff's complaint names Governor DeSantis and Jonathan Setter as Defendants, Plaintiff does not reference them in his "Statement of Claim" or otherwise allege a basis for relief against them (*see id*.).

As such, the undersigned recommends that Plaintiff be afforded the opportunity to file an amended complaint, which should set forth factual allegations establishing the Court's jurisdiction and establishing that Plaintiff is entitled to relief in this forum, and to renew his request to proceed *in forma pauperis*. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."); *see* Local Rule 4.07(a), M.D. Fla. ("The Court may dismiss the case if satisfied that the action is frivolous or malicious, as provided by 28 U.S.C. § 1915(e); or may enter such other orders as shall seem appropriate to the pendency of the cause….").

and/or provisions of the United States Constitution at issue in the case are "emotional distress, economic damages, and loss of income." (Doc. 1 at 3). This is a list of possible damages rather than a basis for federal court jurisdiction. This leaves the Court unable to determine whether it has jurisdiction over Plaintiff's action. Likewise, Plaintiff's complaint is deficient in that it fails to set forth a short and plain statement of the claim showing that Plaintiff is entitled to relief. Plaintiff's only allegation is that putative Defendant "the (D.E.O.) Department of Economic Opportunity has caused me economical distress, emotional distress by withholding my unemployment cash with a false and inaccurate statement that during these times I was working." (*Id*. at 4). This allegation is insufficient for determining whether Plaintiff is entitled to any form of relief before this Court. Finally, while Plaintiff's complaint names Governor DeSantis and Jonathan Setter as Defendants, Plaintiff does not reference them in his "Statement of Claim" or otherwise allege a basis for relief against them (*see id*.).

As such, the undersigned recommends that Plaintiff be afforded the opportunity to file an amended complaint, which should set forth factual allegations establishing the Court's jurisdiction and establishing that Plaintiff is entitled to relief in this forum, and to renew his request to proceed *in forma pauperis*. *See Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) ("Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint."); *see* Local Rule 4.07(a), M.D. Fla. ("The Court may dismiss the case if satisfied that the action is frivolous or malicious, as provided by 28 U.S.C. § 1915(e); or may enter such other orders as shall seem appropriate to the pendency of the cause….").

Accordingly, for the foregoing reasons, it is hereby

**RECOMMENDED**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be denied without prejudice.[1]

2. Plaintiff's complaint (Doc. 1) be *sua sponte* dismissed without prejudice.

3. Plaintiff be allowed to file an amended complaint that sets forth a factual basis for the Court's jurisdiction and for his claims and to file a renewed request to proceed *in forma pauperis*.

4. Plaintiff be advised that failure to file an amended complaint within the allotted time may result in dismissal of this action.

**IT IS SO REPORTED** in Tampa, Florida, on October 19, 2020.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff is encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers.

## NOTICE TO PARTIES

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to the proposed findings and recommendations or request an extension of time to do so. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. Failure of any party to timely object in accordance with the provisions of § 636(b)(1) waives that party's right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

cc:   Hon. Thomas P. Barber